IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cr-00081-MOC-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER OF CONTINUING |
| RACHEL PAIGE CROWE, ) | GARNISHMENT |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| EASTERN BAND OF CHEROKEE INDIANS, ) | |
| Garnishee. ) | |
| ) | |

This matter is before the Court on the Answer of Garnishee Eastern Band of Cherokee Indians (the "Tribe") (Doc. 47) and the Government's Motion for Order of Continuing Garnishment (Doc. 48).

I. Relevant Background

On January 16, 2024, the Honorable Max O. Cogburn, Jr., United States District Judge, sentenced Defendant to 48 months of imprisonment followed by 5 years of supervised release. Doc. 39. As part of the Judgment, Defendant was ordered to pay a $200.00 assessment and an additional assessment of $5,000.00 pursuant to the Justice for Victims of Trafficking Act ("JVTA").

Subsequently, the Government filed an Application for Writ of Continuing Garnishment (Doc. 42) and the Court issued a Writ of Continuing

1

Garnishment as to the Tribe. Doc. 44.

On March 20, 2024, the Government sent the Writ to the Tribe and Defendant by first-class certified mail. Doc. 46. The Tribe and Defendant received the Writ on March 25, 2024. Doc. 48-1. Defendant was also served with the Clerk's Notice of Garnishment and Instructions to Defendant. Docs. 45; 46.

On April 5, 2024, the Tribe filed its Answer[1] (Doc. 47), which stated that the Tribe anticipated that "Defendant will receive future gaming distributions, amounts unknown, generally distributable in monthly or bi-annually installments, pursuant to Tribal law." Id. at ¶ 5. The Tribe stated that a copy of the Answer had been mailed to Defendant by first-class mail. Id. at ¶ 6; 47-1.

By the Motion, the Government now seeks an Order of Continuing Garnishment.

## II. Legal Standards

When the Government commences an action to enforce a judgment through the postjudgment remedies described in the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001, *et seq.*, it must prepare, and the clerk of court must issue, a notice in substantially the same form as the notice

---

[1] [1] The Answer was dated and postmarked April 3, 2024. See Docs. 47; 47-1.

that appears in 28 U.S.C. § 3202(b) (the "3202(b) Notice"). A copy of the application for the postjudgment remedy being sought, along with a copy of the 3202(b) Notice, is to be served by counsel for the Government on the debtor. 28 U.S.C. § 3202(c). Within 20 days after receiving the 3202(b) Notice, the debtor may request that the court hold a hearing and quash the order granting the Government's application. 28 U.S.C. § 3202(d).

In addition, when a garnishee responds to a writ of garnishment, the garnishee is to file its original answer with the court that issued the writ and "serve a copy on the debtor and counsel for the United States." 28 U.S.C. § 3205(c)(4). The debtor or the United States may file a written objection to the garnishee's answer and request a hearing "[w]ithin 20 days after receipt of the answer." 28 U.S.C. § 3205(c)(5).

### III. Discussion

In this case, the record indicates that the garnishment materials were received by Defendant on March 25, 2024. Therefore, the deadline for her to request a hearing on the Writ expired in April 2024.

The record further indicates that the Tribe mailed its Answer to Defendant on April 3, 2024. The undersigned will presume that the Answer was received within the following three days, such that Defendant's deadline to file a written objection to the Answer and request a hearing regarding the Answer expired in late April of 2024. See Bott v. Sunrise Cmty. for Recovery

3

& Wellness, No. 1:21-cr-16 (W.D.N.C. Oct. 14, 2022). The instant Motion was filed on May 6, 2024.

Defendant has not objected to the garnishment materials and neither Defendant nor the Government has raised any objection to the Garnishee's Answer.

Further, Defendant has not made any filings in response to the Government's Motion, and the time for doing so has expired.

**IT IS THEREFORE ORDERED THAT:**

1. The Government's Motion for Order of Continuing Garnishment (Doc. 48) is **GRANTED**; and

2. An Order of Continuing Garnishment is **ENTERED** in the amount of $5,000.00, which is the balance of Defendant's debt as calculated through March 14, 2024, according to the Government. This Order shall attach to each *per capita* distribution of gaming revenues, and all such revenue shall be garnished in favor of the United States until Defendant's debt is paid in full.

Signed: May 21, 2024

W. Carleton Metcalf
United States Magistrate Judge